### In re FARRELL.
### No. B–38716.

District Court, E. D. New York.

February 21, 1941.

Trachman & Krosner, of New York City (Irving R. Krosner, of New York City, on the brief), for New York & Brooklyn Casket Co.

Morris Lyman, of New York City, for bankrupt.

GALSTON, District Judge.

The ex parte order of this court staying the action pending in the City Court of New York as against the bankrupt was entered March 23, 1940. In the affidavit of Irving R. Krosner attached to the moving papers it appears that the complaint in that City Court action was served "since the making of that affidavit", i. e., the affidavit in support of the ex parte order of Judge Abruzzo of March 23, 1940. There is no explanation in the papers as to the exact time at which that complaint was served, nor on whom, but from the language of the Krosner affidavit I must assume that it was subsequent to the making of Judge Abruzzo's order. If that be the fact the service of such complaint on the bankrupt was a clear violation of Judge Abruzzo's order and must be regarded as a nullity. Indeed, from the interpretation given of that order by the affiant, Irving R. Krosner, that it restrained "the prosecution of the action against persons other than the bankrupt," the service of the complaint on any of the defendants was a violation of the order. It is also significant that the copy of the complaint in the City Court action attached to the Krosner affidavit is incomplete in that it fails to indicate when the complaint was executed.

Meantime a proof of claim by this creditor (the plaintiff in the City Court action) was filed with the referee and as appears from the affidavit of the bankrupt, the amended proof of claim, verified April 19, 1940, states that the claim is one for goods sold and delivered.

In view of the manner in which the City Court action was started—with no suggestion of fraud, the language of the filed claim, and the belated framing of a complaint for the first time asserting fraud, and the service of such complaint in violation of the stay granted almost a year ago—the motion is denied. Settle order on notice.